1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9   SCOTT N. JOHNSON,
                                              NO. CIV. S-05-2331 LKK/DAD
10            Plaintiff,

11       v.                                   **PRETRIAL CONFERENCE ORDER**
                                                        **[FINAL]**
12   AUBURN MOTEL INVESTMENT GROUP,
     LLC., et al.,
13

14            Defendants.
     _____/
15

16       Pursuant to court order, a Pretrial Conference was held in

17   Chambers on April 28, 2008.   SCOTT N. JOHNSON appeared as counsel

18   for plaintiff; ALFRED DOVBISH appeared as counsel for defendants

19   Betsy Babson and Massoud Dehdashti.   After consideration of the

20   parties' objections and requests for augmentation, the court makes

21   the following orders:

22                          I.   **JURISDICTION/VENUE**

23       Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1336, 1343

24   and  1367.   Venue  is  predicated  upon  28  U.S.C.  §  1391(b).

25   Jurisdiction and venue have heretofore been found proper by the

26   court.   Those orders are confirmed.

                                     1

1                              **II.   JURY/NON-JURY**

2          Defendant has timely requested a jury trial and the matter

3    will be tried to a jury, except on the question of equitable

4    relief, which is determined by the court, see <u>Chauffeurs Local No.</u>

5    <u>391 v. Terry</u>, 494 U.S. 558, 564 (1990).

6                            **III.   UNDISPUTED FACTS**

7          A.    General Undisputed Facts

8          1.    Plaintiff Johnson has provided no documents requiring his

9    need for a wheelchair nor evidence of his physical impairments.

10         2.    Defendants Babson and Dehdashti have been and are owners

11   of the building and sublessors to the tenants of the subject

12   property.

13         3.    The Subject Property is a strip center located at 5222

14   Hillsdale Boulevard in Sacramento County, California.

15         4.    The Subject Property is a retail center and is a public

16   accommodation.

17         5.    "What A Pizza" is a tenant at the Subject Property and

18   operates a takeout/delivery pizza service and is a public

19   accommodation at suite three (3).

20         6.    The building at the Subject Property has had some

21   improvement since 1993.

22         7.    The parking lot at the Subject Property has had some

23   improvement since 1993.

24         8.    Hillsdale Boulevard is a public street with a sidewalk

25   and bus stop located adjacent and in front of the Subject Property.

26

B.   Undisputed Facts Relevant To Each Separate Cause of Action

First Cause of Action - Americans With Disabilities Act

9.   Plaintiff and Defendant's adopts numbers 1 through 8 and incorporate them herewith.

10.   Disabled parking at the subject property contains a built-up curb ramp inside of the access aisle.

11.   Defendants are responsible for maintenance of the parking lot of the Subject Property.

12.   The Subject Property has been altered including renovations on or after January 26, 1992.

Second Cause of Action - California Civil Code §§ 51, 52

13.   Plaintiff and Defendants adopts number 1 through 8 above and incorporates them herewith.

## IV.   **DISPUTED FACTUAL ISSUES**

Rule 16-281 (b) (4): Disputed Factual Issues

Defendant contends the following facts are in dispute:

1.   Whether or not Plaintiff uses a wheelchair for mobility due to multiple conditions caused by a spinal cord injury.

2.   Whether or not Plaintiff has a disabled placard which has been issued by the State of California, Department of Motor Vehicles.

3.   Whether or not Plaintiff, Scott N. Johnson is disabled due to physical impairments of quadriplegia and was so disabled during the events in question.

3

1    4.    Whether or not a barbershop was located at the Subject
2 Property on December 17, 2004, and was a public accommodation.

3    5.    Whether or not a barbershop is currently located in the
4 Subject Property at suite four (4) and is a public accommodation.

5    6.    Whether or not the handicap parking area of the subject
6 property has met the requirements of Sacramento County.

7    7.    Whether or not Plaintiff Johnson has provided any
8 evidence that supports his claim that he "gave notice to the
9 barbershop manager on December 17, 2004" of the major architectural
10 barrier."

11    8.    Whether or not Subject Property does not contain a marked
12 path a travel from the public sidewalk to an accessible entrance
13 in accordance with ADA Accessibility Guidelines ("ADAAG").

14    9.    Whether or not an accessible path of travel from disabled
15 parking to entrances of businesses is non-compliant in accordance
16 with ADAAG.

17    10.    Whether or not the subject property is accessible from
18 the public sidewalk on the side of Hillsdale Boulevard.

19    11.    Whether or not the number and type of disabled spaces are
20 not in compliance in accordance with ADAAG.

21    12.    Whether or not "What A Pizza" is a restaurant.

22    13.    Whether or not the main entrance to "What A Pizza" is
23 non-compliant and non-accessible in accordance with ADAAG.

24    14.    Whether or not the main entrance to the barbershop is
25 non-compliant and non-accessible in accordance with ADAAG.

26    15.    Whether or not Subject Property does not contain any

4

1  van-accessible disabled parking with an eight (8) foot minimum
2  cross hatch and "van-accessible" signage in accordance with ADAAG.

3      16. Whether or not the designated disabled parking does not
4  contain any signage to indicated disabled parking in accordance
5  with ADAAG.

6      17. Whether or not on November 18, 2005, there was a
7  van-accessible disabled parking with an eight (8) foot minimum
8  cross hatch and "van-accessible" signage at the Subject Property.

9      18. Whether or not on November 18, 2005, designated disabled
10 parking at the Subject Property with its access aisle contained
11 built-up curb ramp located inside of the access aisle.

12     19. Whether or not Plaintiff Johnson has provided any
13 evidence that defendants Babson or Dehdashti willfully or
14 negligently denied full or equal access to "What a Pizza" in
15 violation of California Civil Code Section 51 and 52.

16     20. Whether or not Defendants Babson and Dehdashti, have
17 complied with Sacramento County disabled parking regulations.

18     21. Whether or not Plaintiff Johnson' s filing of over 240
19 lawsuits in this Court constitutes vexatious and abusive
20 litigation.

21     22. Whether or not defendants Babson and Dehdashti complied
22 with Sacramento County's regulations regarding handicap parking.

23     23. Whether or not a barbershop was located in the subject
24 property on December 17, 2004.

25     24. Whether or not a barbershop is currently located in the
26 subject property.

1      25.   Whether or not the building located at the Subject
2 Property was constructed prior to 1993.

3      26.   Whether or not the building at the Subject Property was
4 modified in any way since 1993.

5      27.   Whether or not the parking lot at the subject property
6 has been altered since 1993.

7      28.   Whether or not Sacramento County approved the initial
8 construction of the building on the subject property.

9      29.   Whether or not Sacramento County approved subsequent
10 alterations to the building on the subject property.

11      30.   Whether or not Sacramento County approved the designation
12 of handicap parking on the subject property.

13      31.   Whether or not by complying with Sacramento County
14 requirements defendants Babson and Dehdashti have fulfilled their
15 obligations under the existing law.

16      32.   Whether or not disabled parking contains signage
17 indicating disabled parking in conformance with existing law at the
18 subject property.

19      33.   Whether or not Plaintiff Johnson has specifically
20 indentified the manager of the "barbershop" at the subject property
21 on December 17, 2004, and the subject of the conversations, if any.

22      34.   Whether or not Plaintiff Johnson spoke to an employee of
23 "What A Pizza" on November 6, 2005, at the subject property and the
24 identity of the employee and the subject of the alleged
25 conversation.

26      35.   Whether or not an architectural barrier currently exists

1 | at the subject property.

2 |     36.   Whether or not defendants Babson and/or Dehdashti in any
3 | way discriminated against Plaintiff Johnson contrary to existing
4 | law.

5 |     37.   Whether or not the Plaintiff encountered architectural
6 | barriers on each of his visits to the Subject Property.

7 |     38.   Whether or not the Plaintiff provided verbal notice to
8 | the "barbershop's" manager on December 17, 2004 in which he
9 | notified the manager of architectural barriers.

10 |     39.   Whether or not the Plaintiff has visited "What a Pizza"
11 | on various dates from December 2004 through November 2005.

12 |     40.   Whether or not the Plaintiff visited the Subject Property
13 | on December 17, 2004.

14 |     41.   Whether or not the Plaintiff visited the "barbershop" on
15 | December 17, 2004.

16 |     42.   Whether or not the Plaintiff visited the Subject Property
17 | on October 30, 2005.

18 |     43.   Whether or not the Plaintiff visited "What a Pizza" on
19 | October 30, 2005.

20 |     44.   Whether or not the Plaintiff visited the Subject Property
21 | on November 6, 2005.

22 |     45.   Whether or not the Plaintiff visited the "What a Pizza"
23 | on November 6, 2005.

24 |     46.   Whether or not the Plaintiff informed an employee of
25 | "What a Pizza" on November 6, 2005, of non-compliant disabled
26 | parking.

1    47.   Whether or not the Plaintiff has foregone visits between
2  December 14, 2004, and November 18, 2005 because of having personal
3  knowledge  of  existing  architectural  barriers  at  the  Subject
4  Property.

5    48.   Whether or not the Plaintiff actually visited the Subject
6  Property between the time period of December 14, 2004, and November
7  18, 2005, and the number of actual visits.

8    49.   Whether  or  not  a  single  architectural  barrier  in
9  non-compliance with ADAAG still exists at the Subject Property.

10   50.   Whether  or  not  there  is  any  existing  architectural
11  barrier and if so, is its removal readily achievable.

12   51.   Whether or not defendant was the owner or party
13  responsible for the driveway entrance to the parking lot.

14   52.   Whether or not the entrance to the driveway is too
15  steep.

16   53.   Whether or not the cost of remediation of the driveway
17  entrance is "readily achievable."

18        **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

19        There has been no non-discovery motions filed.

20              **VI.   DISPUTED EVIDENTIARY ISSUES**

21        Plaintiff objects to any evidence relating to whether or
22  not repairs are "readily achievable", arguing that the defense
23  has not been plead in the answer.

24        Plaintiff also disputes that defendants should be allowed
25  to submit evidence of unrelated law suits.

26        Defendants assert there are no disputed evidentiary issues.

8

1  Plaintiff shall bring on a motion in limine within fourteen
2  (14) days, defendants shall respond within fourteen (14) days,
3  and plaintiff may close within ten (10) days.  The matter is set
4  for hearing on June 30, 2008 at 10:00 a.m.

5  **VII.   SPECIAL FACTUAL INFORMATION**

6  None.

7  **VIII.   RELIEF SOUGHT**

8  Plaintiff seeks economic damages, injunctive relief, and
9  attorney's fees and costs.

10  Defendant seeks attorney's fees and costs.

11  **IX.   POINTS OF LAW**

12  (a)  The elements, standards, and burdens of proof for
13  discrimination under 42 U.S.C. § 12182(a).

14  (b)  The elements, standards, and burdens of proof for the
15  failure to remove architectural barriers, pursuant to 42 U.S.C.
16  §§ 12183(a)(1), 12182(b)(2)(A)(iv).

17  (c)  The elements, standards, and burdens of proof for the
18  failure to modify policy barriers under 42 U.S.C. §
19  12182(b)(2)(A)(ii).

20  (d)  The elements, standards, and burdens of proof for
21  discrimination under California Civil Code § 51.

22  (e)  The elements, standards, and burdens of proof of the
23  affirmative defenses that defendants maintain that an award of
24  damages would be a denial of defendants' Constitutional right.

25  (f)  The elements, standards, and burdens of proof of the
26  affirmative defense that punitive damages would violate

9

1  defendants' rights under the Fourth and Fifth Amendments of the
2  Constitution.

3      (g) The elements, standards, and burdens of proof regarding
4  vexatious litigants pursuant to California Code of Civil
5  Procedure § 391.[1]

6

7      ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
8  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME
9  IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

10              **X.   ABANDONED ISSUES**
11      None.

12              **XI.   WITNESSES**

13      Plaintiff anticipates calling the following witnesses:
14      See attachment "A".

15      Defendant anticipates calling the following witnesses:
16      See attachment "B".

17      Each party may call a witness designated by the other.

18      A.   No other witnesses will be permitted to testify
19  unless:

20          (1)   The party offering the witness demonstrates that
21  the witness is for the purpose of rebutting evidence which could
22  not be reasonably anticipated at the Pretrial Conference, or

23

24      [1]   The defendants wish to include the following language:
    "(h) The elements, standards, and burdens of proof regarding the
25  admission of evidence pursuant to California Evidence Code §§ 1100-
    1101." The standard for admission of evidence at trial is not a
26  "point of law." See Local Rule 16-281(b)(8).

1    (2)   The witness was discovered after the Pretrial
2 Conference and the proffering party makes the showing required
3 in "B" below.

4    B.   Upon the post-Pretrial discovery of witnesses, the
5 attorney shall promptly inform the court and opposing parties of
6 the existence of the unlisted witnesses so that the court may
7 consider at trial whether the witnesses shall be permitted to
8 testify.  The evidence will not be permitted unless:

9    (1)   The witnesses could not reasonably have been
10 discovered prior to Pretrial;

11    (2)   The court and opposing counsel were promptly
12 notified upon discovery of the witnesses;

13    (3)   If time permitted, counsel proffered the
14 witnesses for deposition;

15    (4)   If time did not permit, a reasonable summary of
16 the witnesses' testimony was provided opposing counsel.

17                **XII.  EXHIBITS, SCHEDULES AND SUMMARIES**

18    At present, plaintiff contemplates the following by way of
19 exhibits:  See attachment "C".

20    At present, defendant contemplates the following by way of
21 exhibits:  See attachment "D".

22    A.   No other exhibits will be permitted to be introduced
23 unless:

24    (1)   The party proffering the exhibit demonstrates
25 that the exhibit is for the purpose of rebutting evidence which
26

                                11

1 could not be reasonably anticipated at the Pretrial Conference,
2 or

3           (2)   The exhibit was discovered after the Pretrial
4 Conference and the proffering party makes the showing required
5 in paragraph "B," below.

6      B.     Upon the post-Pretrial discovery of exhibits, the
7 attorneys shall promptly inform the court and opposing counsel
8 of the existence of such exhibits so that the court may consider
9 at trial their admissibility.   The exhibits will not be received
10 unless the proffering party demonstrates:

11          (1)   The exhibits could not reasonably have been
12 discovered prior to Pretrial;

13          (2)   The court and counsel were promptly informed of
14 their existence;

15          (3)   Counsel forwarded a copy of the exhibit(s) (if
16 physically possible) to opposing counsel.   If the exhibit(s) may
17 not be copied, the proffering counsel must show that he has made
18 the exhibit(s) reasonably available for inspection by opposing
19 counsel.

20      As to each exhibit, each party is ordered to exchange
21 copies of the exhibit not later than fifteen (15) days from the
22 date of this Pretrial Order.   Each party is then granted ten
23 (10) days to file with the court and serve on opposing counsel
24 any objections to said exhibits.   In making said objections, the
25 party is to set forth the grounds for the objection.   As to each
26 exhibit which is not objected to, it shall be marked and

1 received into evidence and will require no further foundation.
2 Each exhibit which is objected to will be marked for
3 identification only.

4     In addition to electronically filing said objections, if
5 any, the objections must be submitted by email, as an attachment
6 in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

7     The attorney for each party is directed to appear before
8 and present an original and one (1) copy of said exhibit to Ana
9 Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
10 date set for trial.  All exhibits shall be submitted to the
11 court in binders.  Plaintiff's exhibits shall be listed
12 numerically.  Defendant's exhibits shall be listed
13 alphabetically.  The parties shall use the standard exhibit
14 stickers provided by the court:  pink for plaintiff and blue for
15 defendant.

16 **XIII.   DISCOVERY DOCUMENTS**

17     Each side shall serve upon the court and each other, within
18 ten (10) days, any matters derived from interrogatories,
19 requests for admissions or other discovery documents.

20 **XIV.   FURTHER DISCOVERY OR MOTIONS**

21     None.

22 **XV.   STIPULATIONS**

23     None.

24 **XVI.   AMENDMENTS/DISMISSALS**

25     None.

26 ////

13

## XVII.   **FURTHER TRIAL PREPARATION**

A.   Counsel are directed to Local Rule 16-285 regarding the contents of and the time for filing trial briefs.

B.   Counsel are informed that the court has prepared a set of standard jury instructions.  In general, they cover all aspects of the trial except those relating to the specific claims of the complaint.  Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared instructions.  A copy of the prepared instructions is given to the parties at the Pretrial Conference.

B.   For all cases tried to the court, counsel are ordered to file and serve Proposed Findings of Fact and Conclusions of Law not later than ten (10) days prior to the first date of trial.

C.   Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial.  As to any instructions counsel desires to offer, they shall be prepared in accordance with Local Rule 51-163(b)(1) which provides:

> "Two copies of the instructions shall be submitted.
> One copy shall be electronically filed as a .pdf
> document and shall contain each instruction on a
> separate page, numbered and identified as to the party
> presenting it. Each instruction shall cite the
> decision, statute, ordinance, regulation or other

14

authority supporting the proposition stated in the instruction."

The second copy ("jury copy") shall be submitted by e-mail to lkkorders@caed.uscourts.gov.

**In addition, counsel shall provide copies of proposed forms of verdict, including special verdict forms, at the time the proposed jury instructions are filed with the court.**

D.   It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

E.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

F.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before trial the portions of answers to interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

G.   The court has extensive audiovisual equipment available.  Any counsel contemplating its use shall contact the

15

1  court's Telecommunications Manager, Andre Carrier, at (916) 930-
2  4223, at least two weeks in advance of trial to receive the
3  appropriate training.

4                  **XVIII.   SETTLEMENT NEGOTIATIONS**

5      A further Settlement Conference is **SET** before the Honorable
6  William B. Shubb, United States District Judge, on August 25,
7  2008 at 2:00 p.m.   Each party is directed to have a principal
8  capable of disposition at the Settlement Conference or to be
9  fully authorized to settle the matter on any terms and at the
10 Settlement Conference.

11                  **XIX.   AGREED STATEMENTS**

12     Not possible.

13                  **XX.   SEPARATE TRIAL OF ISSUES**

14     None.

15         **XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

16     None.

17                  **XXII.   ATTORNEYS' FEES**

18     Plaintiff and defendants seek attorney's fees and costs.

19                  **XXIII.   TRIAL EXHIBITS**

20     The parties shall serve upon each other copies of the
21 exhibits which they intend to present at trial.

22         **XXIV.   ESTIMATE OF TRIAL TIME/TRIAL DATE**

23     Trial by jury is **SET** for October 7, 2008, at 10:30 a.m., in
24 Courtroom No. 4.   The parties represent in good faith that the
25 trial will take approximately four (4) days.
26 ////

                              16

1      Counsel are to call Ana Rivas, Courtroom Deputy, at (916)

2    930-4133, one week prior to trial to ascertain status of trial

3    date.

4                      **XXV.   MISCELLANEOUS**

5        None.

6                **XXVI.   MODIFICATIONS TO PRETRIAL ORDER**

7        The parties are reminded that pursuant to Federal Rule of

8    Civil Procedure 16(e), this order shall control the subsequent

9    course of this action and shall be modified only to prevent

10   manifest injustice.

11       IT IS SO ORDERED.

12       DATED: June 5, 2008.

13

14

15                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
16                          UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

                                17

SCOTT N. JOHNSON, ESQ. SBN 166952
5150 Fair Oaks Blvd, Suite 101
Carmichael, CA 95608-5758
Phone: (916) 485-3516
Fax:    (916) 481-4224

Attorney for Plaintiff
SCOTT N. JOHNSON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AUBURN MOTEL INVESTMENT<br>GROUP, LLC; ET AL.<br><br>　　　　Defendants. | Case No.: 2:05-CV-02331-LKK-DAD<br><br>**PLAINTIFF'S WITNESS LIST**<br><br>*Addenda to Final Pretrial Order* |

Pursuant to the Court's Pretrial Scheduling Order of August 31, 2006, Plaintiff, Scott N. Johnson, hereby submits the following individuals he intends to call as witnesses at trial.

1. **Scott N. Johnson**
   5150 Fair Oaks Boulevard, Suite 101
   PMB 253
   Carmichael, CA 95608
   (916) 485-3516

2. **Sofia Fernandez**
   5150 Fair Oaks Boulevard, Suite 101
   PMB 253
   Carmichael, CA 95608
   (916) 485-3516

///

1      3. **Bill Zellars**

2         Zellars Concrete

3         6961 Power Inn Road

4         Sacramento, CA 95826

5         (916) 481-9362

6      4. **Jim Herron**

7         ACE Asphalt

8         8464 Specialty Circle

9         Sacramento, CA 95828

10        (916) 383-1711

11     5. **Mike Harms**

12        American River Striping

13        P.O. Box 2044

14        Folsom, CA 95763

15        (916) 861-0992

16     6. **Sacramento County Recorder's Office**

17        **Custodian of Records**

18        600 8th Street

19        Sacramento, CA 95814

20        (916) 874-6334

21     7. **Sacramento County Assessors Office**

22        **Custodian of Records**

23        3701 Power Inn Road

24        Sacramento, CA 95826

25        (916) 876-6785

26   ///

27   ///

28

PLAINTIFF'S WITNESS LIST
*U.S.D.C. – Eastern District of California – Case No.  2:05-CV-02331-LKK-DAD*

1

2    8.  **Harold Bixler**

3        County of Sacramento Construction Management Inspection Division Building

4        Inspection

5        4101 Branch Center Road

6        Sacramento, CA 95827

7        (916) 875-0116

8    9.  **Alex Trachuk**

9        Trachuk Enterprises, Inc.

10       5222 Hillsdale Boulevard, #3

11       Sacramento, CA 96842

12   **10. Sergey Trachuk**

13       Trachuk Enterprises, Inc.

14       5222 Hillsdale Boulevard, #3

15       Sacramento, CA 96842

16   **11. Mikhail Trachuk**

17       Trachuk Enterprises, Inc.

18       5222 Hillsdale Boulevard, #3

19       Sacramento, CA 96842

20   **12. Betsy Babson , Defendant.**

21   **13. Massoud Dehdashti, Defendant.**

22   **14. Harry Love**

23       New Episodes Salon

24       5222 Hillsdale Boulevard, Ste. 4

25       Sacramento, CA 95842

26   ///

27   ///

28

1    **15. Mikhail Trachuk**

2         Trachuk Enterprises, Inc.

3         5222 Hillsdale Boulevard

4         Sacramento, CA 96842

5

6
     Date: April 18, 2008
7
                                          By:    /S/ Scott N. Johnson
8                                                 Scott N. Johnson
                                                  Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' WITNESS LIST

1. Plaintiff Scott Johnson

2. Defendant Betsy Babson

3. Defendant Massoud Dehdashti

4. Russ Williams or his designee of the County of Sacramento

5. Representative of ACE Asphalt of Sacramento

*ATTACHMENT "B"*

SCOTT N. JOHNSON, ESQ. SBN 166952
5150 Fair Oaks Blvd, Suite 101
Carmichael, CA  95608-5758
Phone: (916) 485-3516
Fax:    (916) 481-4224

Attorney for Plaintiff
SCOTT N. JOHNSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                          )   Case No.  2:05-CV-02331-LKK-DAD
                                           )
                    Plaintiff,             )
                                           )   **PLAINTIFF'S EXHIBIT LIST**
          v.                               )
                                           )   *Addenda to Final Pretrial Order*
AUBURN MOTEL INVESTMENT                    )
GROUP, LLC; ET AL.                         )
                                           )
                    Defendants.            )
                                           )
                                           )
                                           )
                                           )

///

///

///

///

///

///

///

///

1    Pursuant to the Court's Scheduling Order, Plaintiff hereby lists the following exhibits he intends

2    to introduce at trial:

3

4        (1)  Responses to Request for Admissions from Betsy Babson

5              Questions and responses 1through 3, 6,7,10 through 13, and 15.  Attached hereto as

6              Exhibit 1.

7

8        (2) Responses to Request for Admissions from Massoud Dehdashi.

9              Questions and responses 1through 3, 6,7,10 through 13, and 15.  Attached hereto as

10             Exhibit 2.

11

12       (3)  Responses to Special Form Interrogatories from Betsy Babson.  All responses.

13             Attached hereto as Exhibit 3.

14

15       (4)  Responses to Special Form Interrogatories from Massoud Dehdashti.  All responses.

16             Attached hereto as Exhibit 4.

17

18       (5) Response to Request For Production of Documents from Betsy Babson.  No

19             documents included because none were provided.  Attached hereto as Exhibit 5.

20

21       (6) Response to Request For Production of Documents from Massoud Dehdashti.  No

22             documents included because none were provided.  Attached hereto as Exhibit 6.

23

24       (7) Documentation of property ownership from Sacramento County Assessor's Office

25             and Sacramento County Recorders' Office

26

27       (8) Lease for Subject Property

28

1       (9)     Alteration plans from Zellars Concrete

2

3       (10)    Construction Permits

4

5       (11)    Miscellaneous Photographs

6

7       (12)    Receipts from What a Pizza visits

8

9       (10)    Receipts from alternative public accommodations

10

11       (11)     Note regarding haircut vista.

12

13

14

15   Date: April 18, 2008

16                             By:    /S/ Scott N. Johnson

17                                     Scott N. Johnson
                                  Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' EXHIBIT LIST

1. First Amended Complaint of Scott Johnson

2. Excerpt of Words and Phrases, Volume 37A - Restaurant

3. Excerpt CFR 28, No. 5 at page 641

4. Excerpt California Civil Code Sections No. 51(f) and 52

5. Excerpt of Sacramento Business Journal of April 18, 2006

6. Printout of approximately 240 cases filed by plaintiff Johnson in U.S District Court for Eastern California

7. Excerpt of California Code of Civil Procedure Section 391 re: vexatious litigants

8. Excerpt of ADA Guide for Small Businesses

9. Pictures taken of the property in 2006

10. Pictures of the property taken approximately September, 2007, with attached invoice of $5,437.00

11. Miscellaneous documents evidencing Sacramento County approval of striping of May 22, 1997.